# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 19-40682
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

May 14, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KENDRICK WAYNE THOMPSON,

Defendant-Appellant

------------------------------------------------------------------------------------------------

Consolidated with No.19-40684

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KENDRICK WAYNE THOMPSON, also known as Ken Ken,

Defendant-Appellant

———————

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 4:17-CR-165-1
USDC No. 4:18-CR-93-2

———————

No. 19-40682
c/w No. 19-40684

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Kendrick Wayne Thompson appeals the sentence imposed following his guilty-plea convictions for conspiracy to possess with intent to distribute more than one kilogram of heroin and conspiracy to possess with intent to distribute more than 400 grams of heroin. He argues that the district court erred in denying him credit for acceptance of responsibility. We affirm.

Section 3E1.1 of the United States Sentencing Guidelines provides for either a two or three-level adjustment in a defendant's offense level where he has "clearly demonstrat[ed]" acceptance of responsibility for the offense. *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008). We will affirm a district court's refusal to award credit under § 3E1.1 unless the court's decision is "without foundation," which is a standard of review more deferential than the clear error standard. *Id.* (internal quotation marks and citation omitted).

The record reveals that while in federal custody pursuant to the indictment charging him with conspiracy to possess with intent to distribute more than one kilogram of heroin, Thompson became involved in the drug-trafficking activities that formed the basis of the second indictment charging him with conspiracy to possess with intent to distribute more than 400 grams of heroin. Thompson's sole contention on appeal is that, despite continuing the same pattern of illicit activity while in custody, he is entitled to credit for acceptance of responsibility because he did not deny any facts or put the Government to its burden of proof and six weeks after his arraignment in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40682
c/w No. 19-40684

second case, he pleaded guilty in open court with a written factual basis for the plea.

His guilty plea, however, does not entitle him to credit for acceptance of responsibility "as a matter of right." *See* U.S.S.G. § 3E1.1, comment. (n.3); *United States v. Patino-Cardenas*, 85 F .3d 1133, 1135 (5th Cir. 1996). While a defendant's entry of a guilty plea prior to trial in conjunction with the truthful admission of any relevant conduct constitutes "significant evidence of acceptance of responsibility," such evidence may be outweighed by conduct that is inconsistent with acceptance. § 3E1.1, comment. (n.3). The district court found that Thompson's guilty plea to the second-charged offense and his admission to the elements thereof was overshadowed by his engaging in a second, near-identical drug trafficking offense while in custody for the first. Because Thompson engaged in conduct inconsistent with acceptance of responsibility, the district court's refusal to award him any credit was not without foundation. *See* § 3E1.1, comment. (n.3); *Juarez-Duarte*, 513 F.3d at 211.

**AFFIRMED**.